**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **CHRISTOPHER DUMAS**<br>**LA. DOC#540729** | **CIVIL ACTION NO. 5:14-cv-2888** |
| **VS.** | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **BUFORD MORRIS** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Pro se plaintiff Christopher Dumas, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 6, 2014. Plaintiff is an inmate who is currently incarcerated in the Natchitoches Parish Detention Center; however, when he filed this complaint he was detained in the Caddo Parish Corrections Center. He claims that Detective Buford Morris of the Shreveport Police Department intentionally filed a false police report and thereafter was responsible for the loss and destruction of exculpatory evidence. Plaintiff sues Morris and prays that he be required to give notice to the First Judicial District Court that false information was intentionally placed in the Court record and that evidence favorable to the defendant was destroyed. He also prayed for $3500 for pain and suffering and cruel and unusual punishment. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

***Statement of the Case***

Plaintiff has provided little factual background with regard to his complaint. He alleged that on December 30, 2103, Det. Morris intentionally filed a false police report which ultimately

led to plaintiff being charged with two robberies. As he was concluding his investigation "exculpatory evidence was brought to his attention multiple times." According to plaintiff, this exculpatory evidence was "located inside of a stolen vehicle the plaintiff says he received from someone else." According to plaintiff, the vehicle was transported to the CSI Bay but no tests were conducted and the vehicle was released to its owner on January 2, 2014, before plaintiff could conduct his own testing.

***Law and Analysis***

***1. Screening***

When a prisoner files a complaint in a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the district court is obliged to review the complaint as soon as is feasible and to dismiss the case if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915 and 1915A, and 42 U.S.C. § 1997e(c).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted).

A civil rights plaintiff must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Schultea v. Wood*, 47 F.3d 1427,

1433 (5th Cir.1995).

***2. Younger Doctrine***

Plaintiff asks the Court to order Det. Morris to notify the First Judicial District Court "that false information was [intentionally] placed in the record and that evidence that would have been in the defendant's favor was destroyed..." Unfortunately, he does not identify the allegedly "false information" that was contained in the police report, nor does he identify the exculpatory evidence that he claims was destroyed.

Nevertheless, even if the false information and exculpatory evidence was revealed, the relief sought by plaintiff would be unavailable. Plaintiff, in essence, implies that he is entitled to federal intervention into the on-going Louisiana felony prosecution. The *Younger* Doctrine prohibits the type of intervention requested by plaintiff. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts must not exercise their jurisdiction in equity to intervene in state criminal prosecutions absent truly extraordinary circumstances. *Id.* at 44. There is a three-prong test for determining whether the *Younger* abstention doctrine is applicable: (1) the dispute must involve an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir.1996). If those factors are satisfied, then the federal court may only enjoin a pending state criminal court proceeding if: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made

to apply it," or (3) application of the doctrine was waived. *Younger*, 401 U.S. at 49, 91 S.Ct. 746; *Trainor v. Hernandez,* 431 U.S. 434, 446, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); *DeSpain v. Johnston*, 731 F.2d 1171, 1180 (5th Cir.1984). Plaintiff is awaiting trial on charges of robbery. He is clearly the subject of an "ongoing state judicial proceeding;" further, the State of Louisiana has an important state interest in the subject matter of the proceeding, and, Louisiana law affords plaintiff with ample and adequate opportunities to litigate his constitutional and statutory challenges both before, during, and after trial.

Plaintiff has not established any grounds that would allow the Court to disregard abstention. Therefore, his requests for injunctive relief seeking the intervention of this Court into his on-going State court prosecution, should be dismissed as frivolous pursuant to the *Younger* Doctrine.

***3. Title 42 U.S.C. §1997e(e)***

Plaintiff also seeks money damages in the amount of $3,500 "for pain and suffering and cruel and unusual punishment." Plaintiff does not specify the nature of his pain and suffering; however, it must be supposed that he complains of mental distress or emotional injury since he clearly alleged no physical injury resulting from the defendant's actions, and none can be imagined based upon the facts alleged.

Title 42 U.S.C.§1997e(e), provides"[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

The " 'physical injury' required by § 1997e(e) 'must be more than *de minimus* [sic], but need not be significant.' " *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (quoting *Siglar*

*v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997)) (alteration in original).

Here, plaintiff has alleged no physical injury, nor can the undersigned imagine any physical injury which could have resulted from the facts alleged and therefore his claim is frivolous.

***Conclusion and Recommendation***

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, January 12, 2015.

______________________________

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE